**Robert Charles PETERS, Petitioner,**

v.

**John C. BURKE, Warden, Wisconsin State Prison, Respondent.**

**No. 68–C–16.**

United States District Court
E. D. Wisconsin.

Jan. 23, 1968.

Robert Charles Peters, pro se.
No appearance for respondent.

DECISION and ORDER

MYRON L. GORDON, District Judge.

Petitioner has submitted a habeas corpus petition and seeks leave to file the same in forma pauperis. This is petitioner's second habeas corpus petition to the federal district court. On September 27, 1965, after a response had been filed by the state attorney general, the previous petition was dismissed. (District court file 65–C–232).

The present petition to the court is generally similar to the one which was dismissed in 1965; therefore, the court will make reference to the response filed by the attorney general in 1965 and various other documents submitted therewith.

On January 14, 1958, petitioner pleaded guilty and was convicted in the county court of Shawano county of robbery, aggravated battery and rape. Petitioner claims that the county judge failed to advise him of his right to counsel, both at the initial appearance and at the arraignment, and as a result thereof, petitioner's waiver of that right was involuntary; that the judge failed to explain the significance of a preliminary examination and that his waiver thereof was involuntary; and that petitioner's guilty plea was induced by "coercion and trickery". With respect to the latter contention, petitioner alleges that he was denied the right to call his family before arraignment; that he was promised leniency in return for a plea of guilty; and that he did not understand the nature of the charges against him.

The record discloses that petitioner applied to the Wisconsin supreme court for a writ of habeas corpus on the same grounds as are contained in the petition at bar. Pursuant to an order of the state supreme court dated March 25, 1965, an evidentiary hearing was held in the circuit court for Shawano county on April 28, 1965.

On May 6, 1965, the circuit court made the following fact-findings: (1) the county judge fully explained at the time of the magistrate proceeding the purpose and procedure of a preliminary examination; the petitioner understood the nature and significance of the proceeding and knowingly, voluntarily and willingly waived his rights thereto; (2) the petitioner voluntarily and understandingly waived his right to counsel at the arraignment; (3) no threats, promises or inducements were made which would in any way persuade the petitioner to plead guilty, and also, the petitioner was not deprived of the right to call his family or a lawyer; (4) the petitioner fully understood the nature of the charges against him.

Thereafter, the state supreme court accepted the fact-findings of the circuit judge and dismissed the petition on June 22, 1965.

The circuit court found that Mr. Peters waived his right to counsel at the arraignment and that such waiver was voluntarily and understandingly made. The state supreme court found no prejudice to Mr. Peters in this regard. The right to counsel at the initial appearance before the magistrate was reviewed by the Wisconsin supreme court in Jones v. State, 37 Wis.2d 56, 154 N.W.2d 278, 285 (1967). There, the state court criticized the failure to appoint counsel at the magistrate's hearing and said:

"* * * Certainly these delays should be minimized in our criminal justice system. To effectuate that end we adopt a rule, for prospective application only, that at an indigent defendant's initial appearance before a court or magistrate he be advised of his right to counsel and that counsel be appointed at that time unless intelligently waived."

As to custodial interrogations, Miranda v. State of Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, establishes that the right to counsel is a constitutional right. However, neither the Wisconsin supreme court nor the U. S. supreme court has ruled that the right to counsel at the preliminary hearing is a constitutional one. Pointer v. State of Texas (1965), 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

Mr. Peters has presented no reason for this court to question the factual determination made by the circuit court after an evidentiary hearing and no reason to disagree with the state supreme court's legal interpretation of the applicable law.

It is hereby ordered that petitioner's request to file in forma pauperis be granted, and that said petition for habeas corpus be and hereby is denied.